# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BRIAN BRUMFIELD,<br>Plaintiff | Case No. 1:12-cv-436 |
| vs | Weber, J.<br>Litkovitz, M.J. |
| JEROME J. METZ, ET AL.,<br>Defendants | **REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a complaint alleging a violation of his civil rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 (PLRA) § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).[1]

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To

---

[1] It is noted that although plaintiff was not granted leave to proceed with his cause of action until now, he served his complaint on the defendants, who responded to the complaint by filing motions to dismiss. (Docs. 11, 13, 21). Plaintiff has filed memoranda opposing the dismissal of his complaint. (*See* Docs. 17, 26). Nevertheless, the Court is required by the PLRA to conduct an initial *sua sponte* review of plaintiff's complaint despite the filings that have already been made in this case.

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against Jerome J. Metz, Edward O. Keller, and David R. Woods of Cincinnati, Ohio.[2] (Doc. 1, Complaint, p. 4). He states that he is bringing this action pursuant to 42 U.S.C. § 1985 and generally asserts that "defendants have all violated [his] civil rights." (*Id.*, p. 5). Plaintiff alleges in support of his civil rights claim that he filed a motion with the Hamilton County, Ohio, Court of Common Pleas "questioning its jurisdiction in Case Number B-0907977, State v. Brumfield," and that neither the court nor the prosecuting attorney responded to his motion. (*Id.*). Plaintiff also alleges that when examining

---

[2]Plaintiff identifies the defendants in the complaint only by providing their names and addresses in the list of defendants. He does not refer to the defendants by name in the "Statement of Claim" portion of the complaint. Therefore, the Court is unable to ascertain from the face of the complaint the defendants' roles or the nature of their involvement in the alleged civil rights violations.

court records, he "discovered that no citizen of Ohio charged him with an offense" and that "the Court of Common Pleas was not a 'court of record.'" (*Id.*). Plaintiff avers that "defendants have denied [him] all legal requests" and that, "[b]ecause of the failure to have a 4th Amendment document filed in th[e] case, the defendants had no substantive right, duty, or obligation to hear, convict and sentence plaintiff for any crime." (*Id.*). As relief, plaintiff asks "the Court to determine the true and lawful cause of [his] detention," but states that he is *not* seeking "a release from detention." (*Id.*, p. 6). Plaintiff also requests $2,000,000 in damages from each of the named defendants. (*Id.*).

Plaintiff's allegations in the complaint pertaining to the Hamilton County Common Pleas Court case are vague. However, this Court has authority to "take judicial notice of proceedings in other courts of record" and, therefore, may review the record filed in that action on screening of the complaint. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records).

Upon review of the on-line docket records maintained by the Hamilton County Clerk of Courts,[3] it appears that in Case No. B-0907977, a fourteen-count indictment was returned against plaintiff charging him with the crimes of burglary, sexual battery, rape, and gross sexual imposition. It also appears that in that case, the presiding judge was defendant Metz; plaintiff's counsel was defendant Keller; and the prosecuting attorney was defendant Woods. Plaintiff

---

[3] *See* www.countyclerk.org/case_summary.asp?sec=doc&casenumber=B0907977.

4

apparently waived his right to a trial by jury and elected to be tried by the court. On May 17, 2010, the court granted plaintiff's motion for judgment of acquittal on eleven of the counts, but found plaintiff guilty on the remaining three charges of sexual battery, burglary and rape. The court determined that plaintiff was a "Tier III Sex Offender/Child Victim Offender," and on June 10, 2010, issued a Judgment Entry sentencing plaintiff to an aggregate prison term of ten (10) years.

Thereafter, in March 2011, plaintiff filed a *pro se* motion for relief from judgment, which was denied by defendant Metz. On July 13, 2011, the Ohio Court of Appeals, First Appellate District, issued a decision affirming the trial court's judgment of conviction and sentence on appeal. Most recently, in March 2012, plaintiff filed another motion with the trial court, requesting "relief from illegal sentence." In that motion, plaintiff contended that the "Hamilton County Court of Common Pleas is not a 'court of record'" and that "the filing of the indictment alone invokes no statutory subject matter to the court, or personal jurisdiction of the named parties." On July 12, 2012, defendant Metz issued a ruling denying the motion. In so ruling, he reasoned in pertinent part:

> The Common Pleas Court is a court of record. R.C. §2131.03 gives the Common Pleas Court "original jurisdiction of all crimes and offenses, except in cases of minor offenses. R.C. §2131.02, which defines the limited jurisdiction of County Courts has no application to the Common Pleas Court, which is the trial court of general jurisdiction. Mr. Brumfield's criminal case was duly commenced by indictment, giving this court jurisdiction to proceed. Mr. Brumfield was duly convicted . . ., judgment of conviction and sentence was duly entered, and that judgment was affirmed on Mr. Brumfield's appeal.

Given the current status of plaintiff's criminal conviction and sentence in the Hamilton County Court of Common Pleas case, it is clear that the instant complaint, which arose out of that matter, is subject to dismissal on screening.

5

As an initial matter, although plaintiff states that he is not seeking release from prison, he effectively is requesting such relief by asking this Court "to determine the true and lawful cause of [his] detention." If the Court were to find that there is no "true and lawful cause" for plaintiff's detention, as plaintiff contends in his complaint, the ruling would inevitably result in plaintiff's release from prison. Therefore, to the extent plaintiff is seeking relief in the form of a court order declaring that his present confinement based on his 2010 conviction in Case No. B-0907977 is invalid, plaintiff's sole federal remedy is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff may not circumvent the rules and standards governing the filing and review of federal habeas petitions by seeking the same relief by way of a federal civil rights action.

Second, to the extent plaintiff seeks damages from defendants for allegedly engaging in illegal actions in the underlying state criminal proceeding and, more specifically, allowing the prosecution and trial to proceed in the absence of any jurisdictional authority, plaintiff's allegations fail to state a claim for relief because a ruling in plaintiff's favor would necessarily cast doubt on the validity of his conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486–87. Under *Heck*, when a successful § 1983 civil rights action for damages would

6

necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997). The principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 28 U.S.C. § 1985. *See Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (citing *Amaker v. Weiner*, 179 F.3d 48, 52 (2nd Cir. 1999)); *Mason v. Stacey*, No. 4:07cv43, 2009 WL 803107, at *7 (E.D. Tenn. Mar. 25, 2009) (and cases cited therein).

Here, the Hamilton County docket records reflect that plaintiff's conviction in Case No. B-0907977 still stands and has not been overturned or invalidated in accordance with *Heck*. Because a successful challenge against the defendants for their allegedly illegal actions in the underlying criminal trial proceedings would necessarily imply the invalidity of plaintiff's resulting conviction and sentence, plaintiff's claims for damages are barred by *Heck*.

Finally, plaintiff's allegations are insufficient to state an actionable claim under 42 U.S.C. § 1985. To plead a cause of action under § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving plaintiff of the equal protection of the laws; that the defendants committed an act in furtherance of the conspiracy that caused injury to plaintiff; and that the conspiracy was motivated by a racial, or other class-based, discriminatory animus. *See Bruggeman v. Paxton*, 15 F. App'x 202, 205 (6th Cir. 2001); *see also Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (and cases cited therein). "The complaint thus must 'allege both a

conspiracy and some class-based discriminatory animus behind the conspirators' action.'" *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 367-68 (6th Cir. 2012) (quoting *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992), in turn quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)), *petition for cert. filed* (U.S. June 28, 2012) (No. 12-8). In addition, conspiracy claims must be pled with specificity; "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Id.* at 368 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Here, plaintiff has not pleaded that any of the defendants were motivated by a racial or class-based discriminatory animus. Moreover, plaintiff's allegations are insufficient to support any inference that the defendants were involved in a conspiracy, or in other words, that the defendants "shared a common discriminatory objective." *See id.* (citing *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996)). In the absence of any factual allegations to support his vague and conclusory conspiracy claim, plaintiff's § 1985 complaint fails to state a claim upon which relief may be granted.

Accordingly, in sum, the undersigned concludes that the plaintiff's complaint is subject to dismissal at the screening stage. The complaint challenging defendants' actions in plaintiff's criminal trial is barred from review by *Preiser* and *Heck*. Moreover, plaintiff has failed to state an actionable claim under 42 U.S.C. § 1985.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith,

and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 9/18/12

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN BRUMFIELD,
Plaintiff

vs

JEROME J. METZ, ET AL.,
Defendants

Case No. 1:12-cv-436

Weber, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc