UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN BRUMFIELD,　　　　　　　　　　　Case No: 1:12-cv-436
　　Plaintiff,　　　　　　　　　　　　　　　　Weber, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　vs.

J. METZ, et al.,　　　　　　　　　　　　　　**REPORT AND**
　　Defendants.　　　　　　　　　　　　　　**RECOMMENDATION**

　　　　This matter is before the Court on plaintiff's Rule 60(b) motion for reconsideration of the District Judge's order dismissing his complaint (Doc. 41), defendants' memorandum in opposition (Doc. 42), and plaintiff's reply. (Doc. 43). Also before the Court are plaintiff's motion for default judgment against defendants Wood and Keller (Doc. 22) and defendants' responses thereto. (Docs. 13, 21).

## I. Background

　　　　Plaintiff, a pro se prisoner proceeding *in forma pauperis* (Doc. 30), brings this action under 42 U.S.C. § 1985 alleging that defendants violated his civil rights. (Doc. 1). Pursuant to this Court's *sua sponte* review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the undersigned recommended that plaintiff's complaint be dismissed for, among other things, failure to state a claim for relief. (Doc. 32). On November 13, 2012, the District Judge adopted the undersigned's recommendation. (Doc. 38). Shortly thereafter, plaintiff filed the instant motion seeking relief from the District Judge's order pursuant to Fed. R. Civ. P. 60(b)(4) and (6). (Doc. 41).

## II. Motion for Reconsideration Standard

　　　　Federal Rule of Civil Procedure 60(b) provides, in relevant part, for relief from a judgment where "the judgment is void; . . . or for any other reason that justifies relief." Fed. R.

Civ. P. 60(b)(4), (6). As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. of Rehab. and Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

### III. Resolution

Plaintiff's motion for reconsideration (Doc. 41) should be denied because plaintiff has failed to present any facts, argument, or authority that would justify providing relief under either Rule 60(b)(4) or (6). As best the Court can discern, plaintiff asserts he is entitled to relief under Fed. R. Civ. P. 60(b) because the undersigned Magistrate Judge had no legal authority to issue a Report and Recommendation and because the District Judge failed to adequately address his objections. *Id.* Plaintiff's assertions are incorrect.

Under Rule 60(b)(4), "[a] void judgment is one which, from its inception, was a complete nullity and without legal effect." *Jalepeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (quoting *Lubben v. Selective Serv. Sys. Local Bd. No 27*, 453 F.2d 645, 649 (1st Cir. 1972)). A void judgment under Rule 60(b)(4) occurs "[o]nly in the rare instance of a clear usurpation of power" by the court. *Id.* at 516. A void judgment must be differentiated from an erroneous judgment "to prevent the use of the Rule as a substitute for an appeal." *Id.* Under Rule 60(b)(4), a judgment is rendered void only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of the law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (citing *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)).

In the instant case, plaintiff fails to allege any facts or present any evidence whatsoever demonstrating that the Court lacked jurisdiction over his claims or acted in a manner that violated due process. (Doc. 41). Plaintiff simply claims that "the Court is not a party and not counsel for the defense." *Id*. Plaintiff's conclusory argument is insufficient to establish that the District Judge's November 13, 2012 order is a legal nullity. Consequently, his motion for reconsideration under Fed. R. Civ. P. 60(b)(4) should be denied.

Likewise, plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989). Plaintiff has not alleged any facts which justify granting this extraordinary relief. Plaintiff simply asserts he is entitled to relief because the District Judge did not address his objections to the undersigned's Report and Recommendation to plaintiff's satisfaction. The District Judge determined that "plaintiff's objections have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court." (Doc 38 at 2). Plaintiff's difference of opinion with the District Judge as to the responsiveness of the Judge's order does not qualify as an exceptional or extraordinary circumstance requiring relief under Fed. R. Civ. P. 60(b)(6). *Hopper*, 867 F.2d at 294. Accordingly, plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6) should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for reconsideration (Doc. 41) be **DENIED** and this matter remain

closed on the docket of the Court. In light of this recommendation, the undersigned further recommends that plaintiff's motion for default judgment be **DENIED** as moot.

Date: 6/3/2013

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN BRUMFIELD,  
    Plaintiff,

vs.

J. METZ, et al.,  
    Defendants.

Case No: 1:12-cv-436  
Weber, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Brian Brumfield #A646-575
Chillicothe Corr. Inst.
PO Box 5500
Chillicothe, OH 45601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  ☒ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7002 3150 0000 8389 9623

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540